Nathanial J. Wood (State Bar No. 223547)
  nwood@crowell.com
Marlee Santos (State Bar No. 343005)
  msantos@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile:  213.622.2690

Attorneys for Defendant
United Healthcare Services Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beach District Surgery Center,<br><br>                    Plaintiff,<br><br>          v.<br><br>United Healthcare Services, Inc., and<br>DOES 1 through 100, inclusive,<br><br>                    Defendant. | Case No. 2:22-cv-01199-DSF-AGR<br><br>**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. 12(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  July 11, 2022<br>Time:  1:30 p.m.<br>Courtroom:  7D<br>Judge:  Hon. Dale S. Fischer |

1

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

2      PLEASE TAKE NOTICE that on July 11, 2022 at 1:30 p.m., or as soon

3  thereafter as the matter may be heard in courtroom 7D of the above-entitled court,

4  located at 350 W. 1st Street, Los Angeles, California 90012, Defendant United

5  HealthCare Services, Inc. ("United" or "Defendant"), will move, and hereby does

6  move, this Court for an order dismissing the Complaint of Plaintiff Beach District

7  Surgery Center ("Plaintiff"), and each and every claim alleged against United

8  therein.

9      This motion is made pursuant to Federal Rules of Civil Procedure, Rule

10  12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's

11  claims for relief are subject to dismissal to the extent that they are preempted by the

12  Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et.

13  seq. ("ERISA"). In addition, Plaintiff's claims for relief are subject to dismissal

14  because they are insufficiently alleged. This motion is based upon this Notice of

15  Motion and Motion to Dismiss and the attached Memorandum of Points and

16  Authorities as well as such other oral and/or documentary evidence as may be

17  presented at or before the time of the hearing.

18      This motion is made following conferences of counsel pursuant to L.R. 7-3,

19  which took place on February 23, 2022, and on March 21, 2022.

20

21  Dated: April 18, 2022                    CROWELL & MORING LLP

22

23  By: _/s/ Nathanial J. Wood_
                                            Nathanial J. Wood
24                                           Marlee Santos
                                            Attorneys for Defendant
25                                           UNITED HEALTHCARE
                                            SERVICES, INC.

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 2

III.  ARGUMENT ................................................................................................ 4

    A.  Legal Standard ................................................................................ 4

    B.  ERISA Preempts Plaintiff's State Law Claims.................................... 4

        1.  Complete preemption exists because both prongs of the Davila test have been satisfied.................................................... 5

        2.  Express Preemption Applies Because Plaintiff's state law claims are based on determinations made in connection with ERISA-governed plans. ................................................ 7

    C.  Plaintiff Lacks Standing to Bring an ERISA Claim ......................... 10

    D.  Plaintiff Fails To Sufficiently State An ERISA Claim...................... 12

        1.  Plaintiff fails to plead necessary elements of ERISA claim..... 12

        2.  Plaintiff's conclusory allegations fail to establish exhaustion of remedies. .......................................................... 14

    E.  If Not Preempted, Plaintiff's State Law Claims Should Still Be Dismissed ...................................................................................... 16

        1.  Plaintiff's Promissory Estoppel Claim Cannot Withstand Scrutiny ................................................................................. 16

        2.  Plaintiff's Negligent Misrepresentation Claim Should Be Dismissed ............................................................................. 17

A.  PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM FAILS TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARD ...................................................................................... 17

        b.  Plaintiff's Negligent Misrepresentation Claim Fails Because It Does Not Alleged an Actionable Misrepresentation. ................................................................ 19

    F.  Alternatively, Plaintiff Should Amend the Complaint with a More Definite Statement...................................................................... 21

IV.  CONCLUSION ................................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adan v. Kaiser Found. Health Plan, Inc.*,
  2018 U.S. Dist. LEXIS 36683 (N.D. Cal. Mar. 6, 2018) .................................... 15

*Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life &
  Health Ins. Co.*,
  2014 U.S. Dist. LEXIS 100682 (E.D. Cal. July 23, 2014), *aff'd sub
  nom. DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*,
  852 F.3d 868 (9th Cir. 2017) ......................................................................... 10, 11

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004) .............................................................................. 1, 5, 6, 7

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
  99 F. Supp. 3d 1110 (C.D. Cal. 2015) ................................................................ 12

*Amato v. Bernard*,
  618 F.2d 559 (9th Cir. 1980) ...................................................................... 14, 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 2

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988) ............................................................................... 4

*Barix Clinics of Ohio, Inc. v. Longaberger Fam. of Cos. Grp. Med.
  Plan*,
  459 F. Supp. 2d 617 (S.D. Ohio 2005) ............................................................... 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................. 2, 4, 18

*Brand Surgical Institute v. Aetna Life Insurance Co.*,
  No. 2:21-cv-08642-AB (Ex) (decided March 7, 2022) ........................................ 9

*Brand Tarzana Surgical Institute v. Blue Cross Blue Shield of Illinois*,
  2019 U.S. Dist. LEXIS 238344 (C.D. Cal. Apr. 22, 2019), *aff'd*,
  833 F. App'x 714 (9th Cir. 2021) ................................................................. 13, 14

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

*Bushell v. JPMorgan Chase Bank, N.A.,*
   220 Cal. App. 4th 915 (2013) ............................................................................ 16

*Cal. Trucking Ass'n v. Su,*
   903 F.3d 953 (9th Cir. 2018) .............................................................................. 2

*Cleghorn v. Blue Shield of California,*
   408 F.3d 1222 (9th Cir. 2005) ............................................................................ 7

*Creative Care, Inc. v. Connecticut Gen. Life Ins. Co.,*
   2017 WL 5635015 (C.D. Cal. July 5, 2017) .................................................... 11

*Davidowitz v. Delta Dental Plan of California,*
   946 F.2d 1476 (9th Cir. 1991) ............................................................................ 5

*Davis v. Abbott Labs,*
   No. EDCV21481JGBKKX, --- F.Supp.3d ---, 2021 WL 4902187
   (C.D. Cal. Oct. 1, 2021) .................................................................................... 18

*DeVoll v. Burdick Painting, Inc.,*
   35 F.3d 408 (9th Cir. 1994) ................................................................................ 8

*Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.,*
   50 F.3d 1478 (9th Cir. 1995) ...................................................................... 14, 15

*Dragu v. Motion Picture Indus. Health Plan,*
   2015 U.S. Dist. LEXIS 188575 (N.D. Cal. Feb. 9, 2015) ................................ 13

*Drake v. Option One Mortg. Corp.,*
   2010 WL 11464891 (C.D. Cal. Apr. 15, 2010) ................................................ 16

*Eden Surgical Ctr. v. B. Braun Med., Inc.,*
   420 F. App'x 696 (9th Cir. 2011) ...................................................................... 10

*Ellenburg v. Brockway. Inc.,*
   763 F.2d 1091 (9th Cir. 1985) ............................................................................ 8

*FMC Corp. v. Holliday,*
   498 U.S. 52 (1990) .............................................................................................. 5

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.,*
   2011 U.S. Dist. LEXIS 75433 (N.D. Cal. July 13, 2011) ................................ 12

*Fossen v. Blue Cross and Blues Shield of Montana, Inc.*,
   660 F.3d 1102 (9th Cir. 2011) ............................................................... 7

*Glen Holly Entm't Inc. v. Tektronix Inc.*,
   352 F.3d 367 (9th Cir. 2003) ............................................................... 16

*Greany v. W. Farm Bureau Life Ins. Co.*,
   973 F.2d 812 (9th Cir. 1992) ................................................................. 9

*Grenell v. UPS Health & Welfare Package*,
   390 F. Supp. 2d 932 (C.D. Cal. 2005) ................................................. 15

*Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates,
   Inc.*,
   115 Cal.App.4th 1145 (2004) ............................................................... 17

*Ingersoll-Rand Co. v. McClendon*,
   498 U.S. 133 (1990) ............................................................................... 8

*Korman v. ILWU-PMA Claims Office*,
   2019 U.S. Dist. LEXIS 58646 (C.D. Cal. Mar. 19, 2019) ................... 15

*Mo. ex rel. Koster v. Harris*,
   847 F.3d 646 (9th Cir. 2017) ............................................................... 11

*Lodi Mem'l Hosp. Ass'n v. Tiger Lines*,
   LLC, 2015 WL 5009093 (E.D. Cal. Aug. 20, 2015) ............................. 6

*Malibu Behav. Health Servs. Inc. v. Magellan Healthcare, Inc.*,
   2020 WL 7646974 (C.D. Cal. Dec. 23, 2020) ..................................... 17

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*,
   581 F.3d 941 (9th Cir. 2009) ................................................................. 5

*McGill v. Pac. Bell Tel. Co.*,
   139 F. Supp. 3d 1109 (C.D. Cal. 2015) ................................................. 6

*United States ex rel. Modglin v. DJO Global Inc.*,
   114 F. Supp. 3d 993 (C.D. Cal. 2015) ................................................. 18

*Montefiore Med. Ctr. v. Teamsters Local 272*,
   642 F.3d 321 (2d Cir. 2011) .................................................................. 8

*Montour v. Hartford Life & Accident Ins. Co.*,
   2007 WL 9657702 (C.D. Cal. Oct. 1, 2007) ......................................... 8

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

*N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers
     Ins. Co.*,
     514 U.S. 645 (1995) ........................................................................... 8

*Navarro v. Block*,
     250 F.3d 729 (9th Cir. 2001) ............................................................. 4

*O.C. Multispecialty Center v. Blue Cross and Blue Shield of Kansas
     City, et al.*,
     No. 2:21-cv-05062-JFW-E (C.D. Cal. February 8, 2022).................... 9

*Olson v. Gen. Dynamics Corp.*,
     960 F.2d 1418 (9th Cir. 1991) ........................................................ 7, 8

*Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*,
     12 Cal. App. 5th 200 (2017) ............................................................. 6

*Pilot Life Ins. Co. v. Dedeaux*,
     481 U.S. 41 (1987) ................................................................... 4, 5, 8

*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*,
     230 F. Supp. 3d 1194 (C.D. Cal. 2017) ....................................... 19, 20

*Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue
     Shield*,
     2017 WL 751851 (D.N.J. Feb. 27, 2017) ......................................... 11

*Raygoza v. Conagra Foods, Inc.*,
     2016 U.S. Dist. LEXIS 191942 (C.D. Cal. Nov. 4, 2016) ............ 12, 13

*Raygoza v. ConAgra Foods, Inc. Welfare Benefit WRAP Plan*,
     2016 U.S. Dist. LEXIS 101755 (C.D. Cal. Mar. 9, 2016) ................ 15

*Reg'l Med. Ctr. of San Jose v. WH Administrators, Inc.*,
     2021 WL 24481667 (N.D. Cal. Sept. 30, 2021).............................. 20

*Reynolds Metals Co. v. Ellis*,
     202 F.3d 1246 (9th Cir. 2000) ....................................................... 10

*Robertson v. Dean Witter Reynolds, Inc.*,
     749 F.2d 530 (9th Cir. 1984) ........................................................... 4

*Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*,
     546 F. App'x 846 (11th Cir. 2013)................................................... 10

CROWELL
& MORING LLP
ATTORNEYS AT LAW

–v–

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

*Schaefer v. Robbins & Keehn, LLP*,
   2006 WL 8427173 (S.D. Cal. Aug. 29, 2006) ................................................ 18

*Shaw v. Delta Air Lines, Inc.*,
   463 U.S. 85 (1983) ......................................................................................... 5

*Soo Park v. Thompson*,
   851 F.3d 910 (9th Cir. 2017) .......................................................................... 2

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,
   770 F.3d 1282 (9th Cir. 2014) ....................................................................... 10

*St. Mary Med. Ctr. v. Cristiano*,
   724 F. Supp. 732 (C.D. Cal. 1989) .................................................................. 5

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................................... 18

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal.App.4th 153 (1991) ........................................................................ 19, 20

*Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*,
   520 F.Supp.2d 1184 (C.D. Cal. 2007) ............................................................ 20

*Tingey v. Pixley-Richards West, Inc.*,
   953 F.2d 1124 (9th Cir. 1996) ......................................................................... 8

*Tokio Marine & Fire Ins. Co. v. Kaisha*,
   25 F. Supp. 2d 1071 (C.D. Cal. 1997) ............................................................ 21

*Vaught v. Scottsdale Healthcare Corp. Health Plan*,
   546 F.3d 620 (9th Cir. 2008) ......................................................................... 14

*In re Wellpoint, Inc. Out-of-Network UCR Rates Litig.*,
   903 F. Supp. 2d 880 (C.D. Cal. 2012) ............................................................ 10

*West v. JPMorgan Chase Bank, N.A.*,
   214 Cal.App.4th 780 (2013) ........................................................................... 17

*Wise v. Verizon Commc'ns, Inc.*,
   600 F.3d 1180 (9th Cir. 2010) ......................................................................... 9

*Youngman v. Nev. Irr. Dist.*,
   70 Cal. 2d 240 (Cal. 1969) ........................................................................... 16

CROWELL
& MORING LLP
ATTORNEYS AT LAW

**Statutes**

29 U.S.C. § 1001 *et seq.* ........................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 8(b) ........................................................................21

Fed. R. Civ. P. 8(d) ........................................................................21

Fed. R. Civ. P. 9(b) ...................................................................17, 18

Fed. R. Civ. P. 12 .............................................................................9

Fed. R. Civ. P. 12(b)(6) ....................................................................4

Fed. R. Civ. P. 12(e) .......................................................................21

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Beach District Surgery Center ("Plaintiff"), an out-of-network ambulatory surgery center, brings this case seeking additional payment for health care services allegedly provided to 15+ patients (the "Patients") enrolled in ERISA-governed health benefits plans allegedly administered or issued by United. Plaintiff alleges that United represented to Plaintiff that it would pay "the usual, customary, and reasonable" rates ("UCR rates") for the services Plaintiff allegedly provided to the Patients. However, Plaintiff fails to provide information regarding when the promises were made, what UCR rate was at issue, who the representations were made to, and/or who they were made by. Plaintiff brings two claims for promissory estoppel and negligent misrepresentation based on these alleged facts.

In the alternative, Plaintiff alleges that United failed to reimburse it for the services it provided in accordance with the terms of the Patients' Employee Retirement Income Securities Act of 1974 ("ERISA") health plans. In support of this alternative theory, Plaintiff claims it has standing to sue on behalf of the Patients by way of assignment, but fails to provide any factual allegations regarding the terms of the assignments. Further, Plaintiff alleges that the health plans are governed by ERISA, but fails to identify a single ERISA plan or provision entitling the Patient to ERISA recourse.

Plaintiff's claims are incurably deficient and should be dismissed for the following reasons:

First, Plaintiff's promissory estoppel and negligent misrepresentation ("state law claims") are completely preempted by ERISA. Plaintiff alleges that all of the services at issue here were provided to Patients with health plans governed by ERISA. Plaintiff's claim with respect to these ERISA-governed plans satisfies the *Davila* test and therefore falls within ERISA's broad preemption standard. Plaintiff's state law claims also qualify for preemption under § 514's broad

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

preemptive force. Accordingly, Plaintiff's state law claims related to these Patients are preempted and should be dismissed.

Second, should the Court find that the state law claims are not preempted by ERISA, the Court should still grant dismissal of the state law claims for Plaintiff's failure to meet basic pleading standards for both claims.

Third, Plaintiff cannot state a claim under its alternatively pleaded ERISA count. Preliminarily, Plaintiff fails to allege it has standing to sue under ERISA, as Plaintiff does not identify any of the alleged ERISA plans, nor properly allege the existence of an ERISA plan. Next, Plaintiff fails to identify a single term of the unidentified ERISA plans, much less articulate a breach of any term that would entitle it to the rights or benefits it is claiming. Finally, Plaintiff's bare allegation that any further appeal would be futile does not adequately allege that it exhausted the administrative remedies available to it prior to bringing suit, as required.

Plaintiff's Complaint should be dismissed with prejudice. In the alternative, Plaintiff should be ordered to amend its Complaint to identify specific facts regarding the 34 medical claims that make up Plaintiff's negligent misrepresentation claim in addition to providing the specific terms of the health plans United purportedly breached under ERISA.

## II.   BACKGROUND[1]

Plaintiff is an "'out-of-network provider'… who "does not have a written contract or preferred provider agreement" with United. (Compl., ¶ 11). Plaintiff alleges that it "provided [ambulatory surgery center] facilities for at least 15 Patients" "for no less than 34 medical procedures" rendered to patients whose

---

[1] For purposes of this motion only, United accepts as true the properly-pled factual allegations in Plaintiff's Complaint, as the Court must do in analyzing this motion. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). United does not concede that any of these allegations are accurate. Neither United nor the Court are required at this stage to accept Plaintiff's legal conclusions (*see id.*; *see also Cal. Trucking Ass'n v. Su*, 903 F.3d 953, 957 n.2 (9th Cir. 2018)) or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and alteration omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

health benefits plans were administered by United. (*Id*., ¶¶ 7-8, 28). Plaintiff claims that prior to each procedure it would "contact [United] to obtain representations and promises regarding the manner in which [United] pays for medical services and the specific medical services at issue for each of the patients." (*Id*., ¶ 29) Plaintiff alleges that United negligently misrepresented and falsely promised Plaintiff that it would pay an agreed upon rate for the services it provided the Patients. (*Id*., ¶¶ 39-40, 57-59, 64-66). Plaintiff alleges that United agreed to pay the "usual, customary, and reasonable" rates ("UCR rates") for the services it provided. (*Id*., ¶¶ 14-16). Plaintiff claims that instead of paying the UCR rates, United paid Plaintiff for the services at Medicare rates. (*Id*., ¶¶ 40,58-59, 68).

In the alternative, Plaintiff alleges that it is "owed proper reimbursement" with respect to each Patient's health benefits plan. (*Id*., ¶¶ 21-23). Plaintiff alleges that the Patients' health plans at issue are governed by ERISA. (*Id*., ¶ 22). Plaintiff claims that it "obtained an assignment from each Patient granting [it] the right to step into the shoes of each Patient with respect to each Patient's rights under each Patient's ERISA Plan," and therefore has the right to "seek proper reimbursement" under ERISA. (*Id*., ¶ 23). Plaintiff alleges that it "has spent significant time and money" and "sent out multiple appeal letters", and has thereby exhausted its administrative remedies as required under ERISA, and that "any further attempts" to retrieve further payment "would be futile." (*Id*., ¶ 25-26). Plaintiff does not provide specific examples of the assignment agreements nor the alleged appeals. (*Id.*, *passim.*)

For all its claims, Plaintiff alleges that it has been damaged in an amount equal to what it should have received had United paid the UCR rates for its services or, alternatively, that it seeks to recover ERISA benefits due under the terms of the Patients plans. (*Id.*, 62, 69, 76).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

## III.   ARGUMENT

### A.   Legal Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Plaintiff must provide grounds of its entitlement to relief beyond mere labels and conclusions or formulaic recitation of the elements of the causes of action. *See Twombly*, 550 U.S. at 555-57.

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

### B.   ERISA Preempts Plaintiff's State Law Claims

ERISA contains two preemption clauses. First, § 502(a) allows a beneficiary or participant of an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Under § 502(a)'s civil enforcement scheme, a beneficiary may recover accrued benefits due, obtain a declaratory judgment with respect to the entitlement to benefits, or obtain injunctive relief requiring the administrator to pay improperly denied benefits. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987). ERISA's second preemption clause, § 514(a), explicitly "supersede(s) any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court repeatedly has held that § 514(a)'s express

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

preemption provisions are far-reaching. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-103 (1983); *FMC Corp. v. Holliday*, 498 U.S. 52, 58-59 (1990); *Pilot Life Ins. Co.*, 481 U.S. at 45-46.

Plaintiff's state law claims simply seek to obtain plan benefits to which Plaintiff believes it is entitled. Indeed, ***but for*** the Patients' ERISA-governed health benefits plans, Plaintiff would not be suing United. Accordingly, Plaintiff's claims should be dismissed as falling within ERISA's expansive preemption clause.

### 1.   Complete preemption exists because both prongs of the Davila test have been satisfied.

State-law claims are completely preempted when they meet the "*Davila* test." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). This test asks (1) whether the plaintiff could have brought its claim under ERISA § 502(a) and (2) whether no other independent legal duty supports the plaintiff's claim. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Here, both prongs of the *Davila* test are met.

With respect to *Davila*'s first prong, Plaintiff brings an ERISA claim, alleging that it has standing because it "obtained an assignment from each Patient granting [Plaintiff] the right to step into the shoes of each Patient with respect to each Patient's rights under each Patient's ERISA Plan…" (Compl., ¶ 23.) Plaintiff further alleges that "[a]s the assignee of benefits under the ERISA Plans, [Plaintiff] is a 'beneficiary' entitled to collect benefits, and is the 'claimant' for purposes of the ERISA statute and regulations." (Compl., ¶ 74.)  Therefore, based on Plaintiff's allegations that it stands in the shoes of its patients, *Davila*'s first prong is satisfied. *See Davidowitz v. Delta Dental Plan of California*, 946 F.2d 1476, 1477 (9th Cir. 1991) ("Under ERISA, a beneficiary has standing to bring a civil action for non-payment…. A health care provider with an allegedly valid assignment has the same standing."); *see also St. Mary Med. Ctr. v. Cristiano*, 724 F. Supp. 732, 740 (C.D. Cal. 1989) (explaining that the hospital that provided medical services had standing

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

to sue under ERISA not because the hospital was itself a "plan participant, beneficiary, or fiduciary," but because the hospital "ha[d] submitted evidence that [the beneficiary] made an assignment of her rights of reimbursement to the hospital").

Next, *Davila*'s second prong is met because Plaintiff's state law claims are, at bottom, seeking amounts owed due to the existence of and United's alleged obligations resulting from ERISA-governed health benefits plans. *See Lodi Mem'l Hosp. Ass'n v. Tiger Lines*, LLC, No. 15-cv-319, 2015 WL 5009093, at *6 (E.D. Cal. Aug. 20, 2015) ("[I]n alleging that the Defendants improperly paid less than the full amount of Plaintiff's billings, Plaintiff identifies no independent contract, agreement or obligation apart from obligations under the plan agreement itself."). Plaintiff tacitly admits this by pleading his ERISA claim in the alternative. (Compl., *passim*.)

Plaintiff's bald assertions of an entitlement to vague rates without additional detail is insufficient as a matter of law in California, and thus does not confer any independent legal duty. (*See, e.g.*, Compl. ¶¶ 16, 20, 37, 55, 62, 69, 71.) *See also Pacific Bay Recovery, Inc. v. California Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 215 (2017) (rejecting provider's quantum meruit claim where the provider did not offer "more detailed allegations that Blue Shield authorized a certain amount of treatment or agreed to pay a specific rate"). Likewise, under the second prong of *Davila*, the central question is whether "there is *no other* independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210 (emphasis added). "State law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan 'forms an essential part' of the claim, and legal liability can exist 'only because of [the defendant's] administration of ERISA-regulated benefit plans.'" *McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1120 (C.D. Cal. 2015) (quoting *Davila*, 542 U.S. at 213). Yes this is precisely what Plaintiff alleges here in support of its state law claims—that the alleged statements

United purportedly made related to the terms of the Patients' ERISA-regulated benefit plans, and were made in the course and scope of United's administration of those ERISA plans.

The Ninth Circuit has held that ERISA preempts state law claims based on precisely those same types of allegations.  In *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1222-27 (9th Cir. 2005) and *Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1419-25 (9th Cir. 1991), the plaintiffs asserted state law claims based on alleged misrepresentations similar to those alleged by the Plaintiff here. The Ninth Circuit ruled that claims based on alleged misrepresentations relating to the amount and calculation of plaintiffs' benefits were preempted because they arose solely out of the ERISA plans. *Id*. These cases control the result here.  Plaintiff's allegations relate solely to United's administration of ERISA plans.  No other independent legal duty is implicated, and thus the second prong of *Davila* is met.

Plaintiff will likely argue that § 502 (a) is jurisdictional in nature and therefore cannot be the basis for a motion to dismiss. However, this case is before the Court on diversity grounds in addition to federal question jurisdiction. Accordingly, § 502(a) can be utilized to defeat state law claims. *See Fossen v. Blue Cross and Blues Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) ("All of these preemption provisions [including § 502(a)] defeat state-law causes of action on the merits") (citing *Cleghorn*, 408 F.3d at 1227).

Ultimately, Plaintiff alternatively pleads an ERISA cause of action because it is inescapable that any duty by United to pay Plaintiff originates from the existence of an ERISA plan. *Davila*'s second prong is fulfilled. With both *Davila* prongs satisfied, Plaintiff's state law claims are completely preempted by ERISA and should therefore be dismissed.

**2.     Express Preemption Applies Because Plaintiff's state law claims are based on determinations made in connection with ERISA-governed plans.**

Additionally, Plaintiff's state law claims are also preempted by ERISA

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

section 514(a). Section 514(a) provides that, subject to various exceptions not applicable here, ERISA "supersede[s] any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). The basic purpose of this provision is "to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 657 (1995); *see Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990) (explaining that Congress enacted ERISA "to ensure that plans and plan sponsors would be subject to a uniform body of benefits law").

Consistent with these principles, the federal courts, including this Court and the Ninth Circuit, have routinely applied Section 514(a) to find that state tort or statutory claims based on laws of general application are preempted by ERISA when the claims "relate to" actions taken in administering an ERISA plan. *See Montour v. Hartford Life & Accident Ins. Co.*, No. CV 07-5215 DSF (RZX), 2007 WL 9657702 at *4 (C.D. Cal. Oct. 1, 2007) (holding that plaintiff's promissory estoppel claim was preempted by ERISA); *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 (9th Cir. 1994) ("The Ninth Circuit has held that ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract.") (quoting *Ellenburg v. Brockway. Inc.*, 763 F.2d 1091, 1095 (9th Cir. 1985)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1130 (9th Cir. 1996); *Olson*, 960 F.2d at 1423 (holding that plaintiff's fraud claim alleging misrepresentation of benefits "related to" employee benefit plan and was therefore preempted by ERISA). Accordingly, no separate legal duty can be created when an administrator of a health plan simply follows the plan terms. *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011).

Here, again, Plaintiff's choice to alternatively plead an ERISA claim is dispositive of this inquiry. The Complaint alleges that United's actions in this case

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

were carried out pursuant to its role as a benefits administrator for ERISA-governed benefits plans. (Compl., ¶¶ 6, 7, 21, 22.) Moreover, in both (1) alleging that all the health plans at issue are governed by ERISA and (2) bringing an ERISA claim in the alternative, Plaintiff cannot dispute that the essence of its state law claims seek additional benefits under the patients' ERISA-governed health benefits plans. *See, e.g., Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1191 (9th Cir. 2010) ("Wise's state law claims are preempted because her complaint necessarily references an ERISA plan. The state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that Wise suffered damages: the loss of insurance benefits."). Thus, any recovery theory under the state law claims—necessarily based on determinations made under the ERISA-governed plans—is expressly preempted by ERISA. *See Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir. 1992) (finding state law claims preempted by ERISA, emphasizing that "ERISA contains one of the broadest preemption clauses ever enacted by Congress" (citation omitted)). Plaintiff's state law claims should be dismissed pursuant to § 514 as well.[2]

---

[2] During the parties' meet and confer discussions, Plaintiff's counsel cited two decisions it argues holds that allegations of the type in the Complaint are sufficient to overcome a Rule 12 challenge: *Brand Surgical Institute v. Aetna Life Insurance Co.*, No. 2:21-cv-08642-AB (Ex) (decided March 7, 2022) and *O.C. Multispecialty Center v. Blue Cross and Blue Shield of Kansas City, et al.*, No. 2:21-cv-05062-JFW-E (decided February 8, 2022). However, these cases are readily distinguishable and therefore inapposite.

First, Plaintiff may seek to rely on these decisions to argue that ERISA does not preempt the state law claims at issue here. However, the representations at issue in those cases were pleaded in substantially more detail. The provider plaintiffs in those cases included information including the exact date and time of the alleged representations, the exact procedure codes at issue, and specific representations about the amount the payer allegedly stated it paid for the procedure codes. The detailed representations at issue in those cases allowed the Court to determine an independent duty existed sufficient to overcome § 514(a) preemption. Because the allegations are so vague and conclusory here that it is impossible to confirm if an independent duty arises, Plaintiff's reliance on these cases should be disregarded.

Second, Plaintiff will likely also rely on these decisions to argue that its state law claims are well-pleaded in response to the argument in Section E, *infra*. Again, however, these cases are inapposite based on the thorough allegations made by the plaintiff providers in those cases versus the sparse allegations at issue here. The

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

### C.   Plaintiff Lacks Standing to Bring an ERISA Claim

To have standing to bring an ERISA claim, a plaintiff must fall within one of ERISA's specific civil enforcement provisions, which detail who may bring suit and what remedies are available. *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000) (citing 29 U.S.C. § 1132(a)(1)–(9)). Out-of-network health care providers do not fall within any of those specific categories and can bring claims only derivatively based on an assignment of benefits from their patients. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014).

To determine whether the plaintiff has received a valid assignment, the court "must look to the language of an ERISA assignment itself . . . ." *In re Wellpoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 896 (C.D. Cal. 2012); *see also Eden Surgical Ctr. v. B. Braun Med., Inc.*, 420 F. App'x 696, 697 (9th Cir. 2011). "Assignment agreements are generally interpreted narrowly." *Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health Ins. Co.*, 2014 U.S. Dist. LEXIS 100682, at *10 (E.D. Cal. July 23, 2014), *aff'd sub nom. DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868 (9th Cir. 2017) (quoting *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 851 (11th Cir. 2013)). "Assignees' rights cannot exceed the rights granted by the assignment." *Id.* (citing *Eden Surgical Ctr.*, 420 F. App'x at 697).

Here, Plaintiff—an out-of-network provider, *see* Compl. ¶¶ 10-13—claims to have standing via "an assignment from each Patient granting [Plaintiff] the right to step into the shoes of each Patient with respect to each Patient's rights under each Patient's ERISA Plan, including but not limited to the right to seek proper

---

detailed representations at issue in those cases allowed the Court to determine the state law claims there were sufficiently pleaded. A cursory review of the Complaint here confirms that no such allegations have been pleaded in this case. Once again, Plaintiff's reliance on these cases should be disregarded.

Crowell
& Moring LLP
ATTORNEYS AT LAW

-10-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

reimbursement for medical services as well as to seek legal redress for Defendant's failure to properly administer the terms of an ERISA Plan." (Compl. ¶ 23.)

Notably, Plaintiff neither provides the language of the alleged assignments nor attaches any assignments to its Complaint. Accordingly, there is no way to ascertain the breadth of the assignment, including whether it assigns the patients' ERISA plan rights and benefits to the provider or is more aptly characterized as a payment authorization. *See Advanced Women's Health Ctr.*, 2014 U.S. Dist. LEXIS 100682, at *4 n.4, 10–11 (finding alleged assignments stating "I hereby Authorize My Insurance Benefits To Be Paid Directly To The Physician…" did not confer any right beyond the right to receive direct payment and that plaintiffs lacked standing to bring ERISA claims); *see also Barix Clinics of Ohio, Inc. v. Longaberger Fam. of Cos. Grp. Med. Plan*, 459 F. Supp. 2d 617, 624 (S.D. Ohio 2005) ("The mere fact that a participant or beneficiary assigns payment for unpaid charges directly to the provider, as occurred in this case, does not constitute an assignment of every right or cause of action the participant or beneficiary may have under ERISA.").

Plaintiff's failure to provide the specific language in the assignment or the assignment itself means that Plaintiff fails to adequately allege that it has standing to pursue a claim for benefits under ERISA. *Creative Care, Inc. v. Connecticut Gen. Life Ins. Co.*, No. CV169056DMGAGRX, 2017 WL 5635015, at *3 (C.D. Cal. July 5, 2017) (dismissing complaint for lack of standing where plaintiff did not "plead sufficient factual allegations about the assignments") (citing *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, 2017 WL 751851 at *5 (D.N.J. Feb. 27, 2017) ("[A] conclusory statement merely alleging that a provider was assigned plan benefits from its patients does not plausibly demonstrate standing.")). Plaintiff's entire Complaint is thereby ripe for dismissal. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (affirming dismissal without leave to amend where plaintiff would be unable to assert standing

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

in an amended complaint).

### D.   Plaintiff Fails To Sufficiently State An ERISA Claim

#### 1.   Plaintiff fails to plead necessary elements of ERISA claim

Plaintiff's ERISA claim fails because Plaintiff neglects to allege a single fact regarding the ERISA plans at issue or the provisions of said plans that enable it to seek relief.

"A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff says it is seeking to recover benefits and enforce rights to benefits under 29 U.S.C. § 1132(a)(1)(B), but nowhere in the Complaint does Plaintiff identify an ERISA plan, or state the terms of an ERISA plan that it believes entitle it to benefits it did not receive or grant it rights it was not extended. (Compl., *passim*.) Instead, Plaintiff's allegations boil down to the allegation that the "health plans at issue in this litigation are health plans governed by [ERISA]." (Compl., ¶ 22.) Without more, this allegation does not state a cause of action under ERISA.

"'To state a claim [for benefits under ERISA § 502(a)(1)(B)], plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits.'" *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (quoting *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 U.S. Dist. LEXIS 75433, at *13 (N.D. Cal. July 13, 2011)). "'Failure to identify the controlling ERISA plans makes a complaint unclear and ambiguous.'" *Id.* (quoting *Forest Ambulatory*, 2011 U.S. Dist. LEXIS 75433, at *13). In addition, recovery is "limited to those benefits that the plaintiff contends are actually covered under the Plan's existing terms." *Raygoza v. Conagra Foods, Inc.*, 2016 U.S. Dist. LEXIS 191942, at *14 (C.D. Cal. Nov. 4, 2016). A plaintiff must identify the specific plan

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

terms that confer the benefits it is claiming. *Id*. at *13 (describing this requirement as "indispensable"); *see Dragu v. Motion Picture Indus. Health Plan*, 2015 U.S. Dist. LEXIS 188575, at *5 (N.D. Cal. Feb. 9, 2015) (finding otherwise properly asserted claim "must nevertheless be dismissed because [the complaint] fails to specify the plan provision under which [plaintiff] is allegedly entitled to coverage").

Here, Plaintiff does not identify a single ERISA plan nor a single term of such plan. The Court recently faced a similarly deficient complaint in *Brand Tarzana Surgical Institute v. Blue Cross Blue Shield of Illinois*, 2019 U.S. Dist. LEXIS 238344 (C.D. Cal. Apr. 22, 2019), *aff'd*, 833 F. App'x 714 (9th Cir. 2021). There, Plaintiff, a surgery center, filed a complaint alleging "[defendant] provides health insurance plans 'typically subject to and governed by ERISA . . . ; serves as the claims administrators of those plans . . . . Plaintiff provided surgery services to 9 patients covered under these plans . . . . for which the plans 'typically pay . . . something in the range of 50%–100% of [the provider's] billing amounts." *Id*. at *1. "Plaintiff [sought] to recover benefits for 16 surgery events it billed to [defendant] between 2013 and 2016, for which [defendant] provided only partial payment." *Id*. at *2. The Court dismissed the complaint, because "[p]laintiff [did] not identify any specific plan at issue, nor plead other facts that plausibly demonstrate that the patients at issue are participants in a plan governed by ERISA." *Id*. at *5.

Moreover, the Court held that "Plaintiff's conclusory allegations [were] insufficient." *Id*. The Court also noted that plaintiff failed "to adequately describe the provision of any plan that purportedly entitles it to benefits." *Id*. The Court summarized plaintiff's allegations as "simply identif[ying] various medical events by the date it submitted a claim to [defendant], the amount it billed, and the amount [defendant] paid," and providing a percentage range at which defendant allegedly typically paid (which is, arguably, more than Plaintiff provided here). *Id*. The Court

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

held that "[t]hese allegations are insufficient to permit the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged, to enable [defendant] to defend itself effectively, or to require [defendant] to be subjected to the expense of discovery and continued litigation." *Id*. (internal quotation marks omitted).

Plaintiff brings a similarly deficient claim here. Plaintiff alleges that the patients are members of health plans governed by ERISA, but fails to identify the underlying plans and/or terms at issue.  Moreover, Plaintiff fails to provide any meaningful allegations regarding the "who, what, where" of the claims themselves. Taken together, this pleading is insufficient and, as in *Brand Tarzana*, this Court should dismiss the Complaint for failure to state a claim.

### 2. Plaintiff's conclusory allegations fail to establish exhaustion of remedies.

Plaintiff's ERISA claim is also subject to dismissal because Plaintiff fails to adequately plead administrative remedies were exhausted sufficient to maintain its ERISA claim.

"[A]n ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'" *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quoting *Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995)). It has long been the rule in the Ninth Circuit that "federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so." *Amato v. Bernard*, 618 F.2d 559, 567–68 (9th Cir. 1980) (concluding "from both the legislative history and the text of ERISA that Congress did intend to grant such authority to the courts, and that sound policy requires the application of the exhaustion doctrine in suits under the Act").

"ERISA itself requires covered benefit plans to provide administrative

remedies for persons whose claims for benefits have been denied" in order to "help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Id*. at 567. And the court's enforcement promotes those ends. *Id*.

Courts in the Ninth Circuit consistently require that a plaintiff exhaust the available internal review procedures prior to bringing suit. *See, e.g., Korman v. ILWU-PMA Claims Office*, 2019 U.S. Dist. LEXIS 58646, at *40–41 (C.D. Cal. Mar. 19, 2019) (granting motion to dismiss for failure to allege administrative exhaustion); *Adan v. Kaiser Found. Health Plan, Inc.*, 2018 U.S. Dist. LEXIS 36683, at *17–20 (N.D. Cal. Mar. 6, 2018) (dismissing ERISA claim because plaintiff's failure to exhaust was evident from the face of the complaint); *Raygoza v. ConAgra Foods, Inc. Welfare Benefit WRAP Plan*, 2016 U.S. Dist. LEXIS 101755, at *8–15 (C.D. Cal. Mar. 9, 2016) (granting motion to dismiss because plaintiff failed to establish exhaustion of remedies).

Here, Plaintiff alleges that it "sent numerous appeal letters to Defendant in accordance with ERISA to exhaust all of each Patient's and now [Plaintiff's] administrative remedies[,]" that it "spent significant time and money in jumping through the necessary hoops in exhausting its administrative remedies under ERISA[,]" but that "any further appeals would be futile." (Compl. ¶¶ 25, 26, 47.) These bare assertions and legal conclusions do not provide the Court with any meaningful way to evaluate whether in fact Plaintiff exhausted its administrative remedies or whether any further efforts were futile for the dozens of claims at issue. *See Grenell v. UPS Health & Welfare Package*, 390 F. Supp. 2d 932, 935 (C.D. Cal. 2005) (finding plaintiff failed to exhaust administrative remedies and futility exception did not apply where it provided only conclusory allegations claiming "[a]ny attempt by [plaintiff] to file further appeals, or to perfect additional or new claims, would have met with the same result: denial"); *see also Diaz*, 50 F.3d at

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

1485 ("bare assertions of futility are insufficient to bring a claim within the futility exception"). On this separate basis, Plaintiff's ERISA claim is ripe for dismissal.

### E.   If Not Preempted, Plaintiff's State Law Claims Should Still Be Dismissed

#### 1.   Plaintiff's Promissory Estoppel Claim Cannot Withstand Scrutiny

Plaintiff's promissory estoppel claim fails because a contract governing the terms of reimbursement exists and because Plaintiff fails to plead the necessary elements of the claim for the 34+ services at issue.

Under California law "[i]f the dispute between the parties is governed by a contract, the doctrine of promissory estoppel is inapplicable." *Drake v. Option One Mortg. Corp.*, No. SACV0901450CJCRNBX, 2010 WL 11464891, at *4 (C.D. Cal. Apr. 15, 2010) (citing *Youngman v. Nev. Irr. Dist.*, 70 Cal. 2d 240, 249 (Cal. 1969)) (emphasis added). This is because a plaintiff may not bring a cause of action for promissory estoppel when it has other available legal remedies. *See, e.g., Glen Holly Entm't Inc. v. Tektronix Inc.*, 352 F.3d 367, 381 (9th Cir. 2003).

Here, Plaintiff concedes that it has contract-based remedies available to it. Plaintiff admits that all the claims at issue are governed by the health benefit plans, and indeed, it has brought a claim to enforce the terms of those contracts to recover precisely the same damages that it seeks through its promissory estoppel cause of action. Plaintiff's promissory estoppel claim must be dismissed.

Plaintiff also fails to sufficiently state a claim for promissory estoppel. Here, it is important to note that at least 34 claims are at issue for at least 15 different patients. (Compl., ¶28). Plaintiff wholly fails to state sufficient facts for any of these claims. "The elements of promissory estoppel are (1) a clear and unambiguous promise by the promisor, and (2) reasonable, foreseeable and detrimental reliance by the promisee." *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 929 (2013). No such promises have been alleged here as Plaintiff fails to allege with requisite specificity that United made a "clear and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

1   unambiguous promise" to Plaintiff for each and every one of the 34+ claims for 15+

2   patients at issue in this case.

3          Here, the decision in *Malibu Behav. Health Servs. Inc. v. Magellan*

4   *Healthcare, Inc.*, No. 220CV01731ODWPVCX, 2020 WL 7646974, at *5-7 (C.D.

5   Cal. Dec. 23, 2020) ("*Malibu*") is instructive. The provider plaintiff in *Malibu*

6   similarly alleged that the payor defendants promised to pay a specific percentage of

7   UCR over a series of phone calls. *Id*. The *Malibu* court held that it "need not accept

8   this merely conclusory allegation as true absent any supporting factual allegations

9   to satisfy the minimum plausibility standard" and that where the plaintiff's "legal

10  theory is based on numerous oral contracts entered into over the course of

11  numerous utilization calls… it must provide notice of those calls, and their content"

12  to the defendant. *Id*. Accordingly, the *Malibu* court concluded that the provider

13  plaintiff "fail[ed] to plead the clear and unambiguous promises upon which its

14  claim for promissory estoppel is supposedly based." So too, here.

15              **2.    Plaintiff's Negligent Misrepresentation Claim Should Be**
16                     **Dismissed**

17                  **a.    Plaintiff's Negligent Misrepresentation Claim Fails to**
                          **Meet Rule 9(b)'s Heightened Pleading Standard**

18          A plaintiff must prove the following in order to prevail on claim of negligent

19  misrepresentation: (1) misrepresentation of a past or existing material fact, without

20  reasonable ground for believing it to be true, and with intent to induce another's

21  reliance on the fact misrepresented; (2) ignorance of the truth and justifiable

22  reliance on the misrepresentation by the party to whom it was directed; and (3)

23  resulting damage. *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins.*

24  *Associates, Inc.*, 115 Cal.App.4th 1145, 1154 (2004). Thus, "[t]he elements of

25  negligent misrepresentation are the same [as intentional misrepresentation] except .

26  . . for negligent misrepresentation . . . the defendant made the representation

27  without reasonable ground for believing it to be true." *West v. JPMorgan Chase*

28  *Bank, N.A.*, 214 Cal.App.4th 780, 792 (2013).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

Moreover, a claim for negligent misrepresentation "sounds in fraud, [so] a plaintiff must meet the pleading requirements of Federal Rule of Civil Procedure 9(b)." *Davis v. Abbott Labs*, No. EDCV21481JGBKKX, --- F.Supp.3d ---, 2021 WL 4902187, at *4 (C.D. Cal. Oct. 1, 2021) (internal citations omitted). Claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "The particularity requirement necessitates pleading the how, what, when and where of the alleged intentional misrepresentation." *Schaefer v. Robbins & Keehn, LLP*, No. 06CV821-H (BLM), 2006 WL 8427173, at *4 (S.D. Cal. Aug. 29, 2006). Finally, "[w]here fraud has allegedly been perpetrated by a corporation, a plaintiff must allege the names of the employees or agents who purportedly made the statements or omissions that give rise to the claim, or at a minimum identify them by title and/or job responsibility." *United States ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993, 1016 (C.D. Cal. 2015).

Here, Plaintiff's allegations fail to meet the heightened pleading standards required for a claim of negligent misrepresentation. Plaintiff fails to provide a single "who, what, where, when, how much" allegation regarding the alleged misrepresentations from United for the 34+ claims provided to the 15+ Patients. In fact, Plaintiff fails to provide any specific allegations relating to any of the conduct that occurred between Plaintiff and United for *any* of the medical procedure claims at issue. Ultimately, Plaintiff makes no effort to meet its burden under either *Twombly*, let alone Rule 9(b), to provide specific factual allegations regarding the 34 claims and the accompanying alleged misrepresentations that purportedly induced Plaintiff's performance of the medical services. Thus, Plaintiff impermissibly lumps separate and distinct alleged misrepresentations for the various Patient claims into one catch-all allegation. Plaintiff's alleged misrepresentation does not and cannot survive Rule 9(b)'s heightened pleading

1  standard scrutiny for a negligent misrepresentation claim.

2  Relatedly, the Complaint does not specify the actual content of the alleged

3  misrepresentations, other than the conclusory claim that United would pay pursuant

4  to "UCR rates." Coupled with Plaintiff's failure to specify when these alleged

5  misrepresentations were made or to whom they were made, Plaintiff's conclusory

6  allegations would fail to pass muster even under normal pleading standards, let

7  alone the heightened standard for intentional misrepresentation. *Prime Healthcare*

8  *Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1208 (C.D. Cal. 2017)

9  (dismissing negligent misrepresentation claim where plaintiff did "not allege with

10  particularity when and where Defendants allegedly made the representations, which

11  of Defendant's agents made the alleged representations, to whom the

12  representations were made, and how the representations regarding CP Members'

13  eligibility and Plaintiffs' authorization are false."). Accordingly, Plaintiff's

14  negligent misrepresentation claim should be dismissed.

15  **b.** **Plaintiff's Negligent Misrepresentation Claim Fails Because It Does Not Alleged an Actionable**
16  **Misrepresentation.**

17  Plaintiff's negligent misrepresentation claim also fails as a matter of law. "To

18  be actionable, a negligent misrepresentation must ordinarily be as to past or existing

19  material facts. Predictions as to future events, or statements as to future action by

20  some third party, are deemed opinions, and not actionable fraud." *Tarmann v. State*

21  *Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 159 (1991). Plaintiff alleges as

22  follows:

23  29. Prior to providing services and in the case of each medical

24  procedure, Medical Provider would contact Defendant to obtain

25  representations and promises regarding the manner in which Defendant

26  pays for medical services and the specific medical services at issue for

27  each of the Patients.

28  (Compl., ¶ 29.) Here, Plaintiff has effectively alleged that United made negligently

false promises to pay money in the future. There is no such cause of action. *Tarmann*, 2 Cal.App.4th at 159 (sustaining demurrer to negligent misrepresentation cause of action that essentially alleged a negligent false promise).

Courts routinely reject such claims. *See, e.g., Reg'l Med. Ctr. of San Jose v. WH Administrators, Inc.*, 2021 WL 2 4481667, at *9 (N.D. Cal. Sept. 30, 2021). For example, in *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F.Supp.2d 1184, 1195 (C.D. Cal. 2007) (Phillips, J.), the court dismissed a claim by a provider who alleged that a health care plan negligently misrepresented that it would pay benefits for its member that had been admitted to the hospital. Applying California law, the court held that the alleged representation by the health care plan could not form the basis for a negligent misrepresentation claim under California law because the defendant's alleged representation concerned future conduct.

Similarly, in *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1207 (C.D. Cal. 2017), the court rejected a negligent misrepresentation claim based on the allegation that that the health plan allegedly misrepresented that it would pay the plaintiff provider 100% of its billed charges for future medical services. In *Prime*, the court dismissed a medical provider's claim for negligent misrepresentation on the basis, among other things, that it "fail[ed] to plead the first element of a negligent misrepresentation claim: 'the misrepresentation *of a past or existing material fact*.'" 230 F.Supp.3d at 1207 (citation omitted) (emphasis added). This is because an allegedly false promise to pay health plan benefits a certain way in the future is not actionable as a claim for negligent misrepresentation as a matter of law.

Similar to Plaintiff's allegations here, the provider in the *Prime* case alleged that the defendant health plan represented that "Plaintiffs would be reimbursed for the services provided to Defendants' commercial health plan members at 100% of Plaintiffs' billed charges." *Id*. at 1208. In dismissing the provider's claim for negligent misrepresentation, the district court noted that the FAC merely alleged a

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

false promise to pay Plaintiffs at a certain billing rate, for treatment rendered. Here, too, Plaintiff merely alleges that United negligently misrepresented that payment for the yet-to-be-provided services would be based on a usual, customary, or reasonable amount. (Compl., ¶¶ 29, 33.) That cannot serve as a basis for a negligent misrepresentation claim under California law.

In short, Plaintiff has failed to allege an actionable misrepresentation by United. Accordingly, Plaintiff's claim for relief for negligent misrepresentation is incurably defective and should be dismissed with prejudice.

### F. Alternatively, Plaintiff Should Amend the Complaint with a More Definite Statement

Under Federal Rules of Civil Procedure, Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Plaintiff's Complaint fails to identify specific facts regarding the 34+ claims for 15+ patients that make up Plaintiff's Complaint aside from vaguely alleging that United stated it would pay UCR. The lack of specificity for each alleged misrepresentation at issue (*i.e.*, what are the services at issue, what is UCR, when was the representation made, to whom and by whom, etc.) precludes United from responding in any Answer, in either the affirmative or negative to the specific allegations in each paragraph. *See* Fed. R. Civ. P. 8(b), (d); *See also Tokio Marine & Fire Ins. Co. v. Kaisha*, 25 F. Supp. 2d 1071, 1078 (C.D. Cal. 1997). Without this clarity, United is incapable of responding to the Complaint.

Moreover, Plaintiff's ERISA claim fails to identify the plan terms at issue and also fails to provide the underlying assignment sufficient to prove standing. For all the reasons articulated, *supra*, Plaintiff does not meet the requirements of a well-pleaded complaint, and thus Plaintiff should at a minimum amend the Complaint to provide a more definite statement regarding the ERISA claims at issue.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-21-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.     CONCLUSION**

       For the reasons set forth above, United hereby requests that this Court grant its Motion to Dismiss and dismiss the Complaint.

Dated: April 18, 2022                                CROWELL & MORING LLP

                                     By: */s/ Nathanial J. Wood*
                                         Jennifer S. Romano
                                       Nathanial J. Wood
                                       Marlee Santos
                                         Attorneys for Defendant
                                       UNITED HEALTHCARE
                                       SERVICES, INC.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-22-

UNITED HEALTHCARE SERVICES, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS;
CASE NO. 2:22-CV-01199-DSF-AGR

1

## **CERTIFICATE OF SERVICE**

2      Pursuant to Rule 5-3.2 of the Local Civil Rules of the United States District

3  Court for the Central District of California, I hereby certify under penalty of perjury

4  under the laws of the United States of America that on the below date, a true copy

5  of the above document was filed through the Court's Case Management/Electronic

6  Case Filing ("CM/ECF") System and served by that System upon all counsel of

7  record registered for the System and deemed to have consented to electronic service

8  in the above-captioned case.

9

10  Dated: April 18, 2022                    CROWELL & MORING LLP

11
                                            By: */s/ Nathanial J. Wood*
12                                               Jennifer S. Romano
                                                 Nathanial J. Wood
13                                               Marlee Santos
                                                 Attorneys for Defendant
14                                               UNITED HEALTHCARE
                                                 SERVICES INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28